UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HURRICANE FENCE COMPANY, INC. AND DHS MARKETING, INC. | CIVIL ACTION NO.: |
| VERSUS | |
| VAPIR, INC. AND ADVANCE INHALATION REVOLUTIONS, INC. AND GLOBAL LIFE ENHANCEMENTS, INC. D/B/A VG WHOLESALE | |

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Vapir, Inc. d/b/a Advanced Inhalation Revolutions, Inc. and Global Life Enhancements, Inc. d/b/a/ VG Wholesale pursuant to 28 U.S.C. §§ 1441 and 1446 to remove the above-entitled action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana to the United States District Court for the Eastern District of Louisiana on the basis of (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331 and (2) diversity jurisdiction pursuant to 28 U.S.C. § 1332. In support of removal, defendants respectfully represent as follows.

1.

On May 23, 2011, plaintiffs Hurricane Fence Company, Inc. and DHS Marketing, Inc. filed a Petition for Injunctive Relief or, Alternatively, for Damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana in the matter entitled *"Hurricane Fence Company, Inc. and DHS Marketing, Inc. v. Vapir, Inc., Advanced Inhalation Revolutions, Inc., and Global Life Enhancements, Inc. d/b/a/ VG Wholesale,"* No. 701902, Division "M."

1

2.

A copy of all processes, pleadings and orders filed in the above-referenced matter is attached as **Exhibit "A"** in accordance with 28 U.S.C. § 1446(a).

3.

This action involves plaintiffs' claims that defendants have violated the laws of the United State and/or the State of Louisiana (Petition ¶21).

4.

Plaintiffs claim that defendants' alleged action "restricts competition and sales in the open market and free trade," breaches the "free trade rights of Plaintiffs," and is in "violation of free commerce." (Petition ¶¶16, 17).

5.

Plaintiffs allege that defendants instituted "minimal advertising pricing requirements (referred to as MAP – minimum advertised prices)" that deprive plaintiffs of the opportunity to compete in the open market against sellers of the same or similar products by prohibiting plaintiffs from advertising at a lower price. (Petition ¶20).

6.

Plaintiffs claim that defendants' alleged minimum advertised pricing requirements are an "unreasonable restraint of trade" within the meaning of the laws of the United Sates and/or the State of Louisiana and amount to "price-fixing contrary to law." (Petition ¶21).

**Federal Question Jurisdiction**

7.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiffs allegations make claims arising under the laws of the United States.

8.

In paragraph 21, plaintiffs allege that "the minimal advertised pricing requirements are an unreasonable restraint of trade within the meaning of the laws of the Unites States and/or the State of Louisiana and/or amount to price-fixing, contrary to applicable law." In the prayer for relief, Plaintiffs seek relief and damages to which they may be entitled pursuant to the laws of the United States.

9.

Plaintiffs allege concerted action between and among defendants to restrain plaintiffs' trade rights and competition and sales in the open market. (Petition ¶¶16-17). They also claim that the actions of all defendants in refusing to allow plaintiffs to sell the manufacturer defendants' vaporizers on ebay or other internet sites is a breach of the free trade rights of plaintiffs and restricts competition on the open market. *Id.*

10.

Although not specifically stated, it appears that the plaintiffs' civil action is founded on a claim or right allegedly arising under the laws of the United States, presumably the Sherman Act, 15 U.S.C. § 1, which generally prohibits any contract, combination or conspiracy that unreasonably restrains commerce or the Clayton Act, 15 U.S.C. § 12 which generally precludes price discrimination.

11.

This Court has exclusive jurisdiction over claims arising under the Sherman Act and/or the Clayton Act. 15 U.S.C. §§ 4, 15; *Aquatherm Indus., Inc. v. Florida Power & Light Co.*, 84 F.3d, 1388, 1391 (11th Cir. 1996).

12.

Private parties such as plaintiffs may have standing to bring causes of action in federal court for claimed violations. 15 U.S.C. § 1-7, 15, 26.

**Diversity Jurisdiction**

13.

Plaintiff Hurricane Fence Company, Inc. is a Louisiana corporation with its principal place of business in Jefferson Parish, Louisiana. (Petition, first unnumbered paragraph).

14.

Plaintiff DHS Marketing, Inc. is a Louisiana corporation with its principal place of business in Jefferson Parish, Louisiana. (Petition, first unnumbered paragraph).

15.

Defendant Vapir, Inc. is incorporated according to the laws of the State of California and maintains its principal place of business in San Jose, California.

16.

Defendant Advanced Inhalation Revolutions, Inc. was a subsidiary of Vapir, Inc. that was dissolved in 2006 and thus not a separate juridical person. Vapir, Inc. presently does business using the name Advanced Inhalation Revolutions. Prior to being dissolved, Advanced Inhalation Revolutions, Inc. was incorporated according to the laws of the State of California and maintained its principal place of business in California.

17.

Defendant Global Life Enhancements, Inc. d/b/a VG Wholesale is incorporated under the laws of the State of New Jersey and maintains its principal place of business in Galloway, New Jersey.

18.

More than $75,000 is in controversy exclusive of interest and costs. At issue is the claimed ceasing of sales of Vapir's vaporizer products to plaintiffs, which based on plaintiffs' history of purchases and its allegation that its profits amount to "several thousand dollars per month over the period of any given year." (Petition ¶6).

19.

Plaintiffs seek an injunction to force defendants to sell vaporizers to them in the future. (Petition, ¶18).

20.

Based on plaintiffs' allegations that their damages include the loss of profits of "several thousands of dollars per month" of defendants' products; the loss of business with others based on defendants' alleged refusal to honor manufacturer warranties; the claimed loss of plaintiffs' sales via ebay based on defendants' alleged complaint made to ebay regarding plaintiffs; the claimed damage to plaintiffs' ability to sell products via the internet including with ebay and Amazon, the amount in controversy reaches $75,000. (Petition ¶¶6, 9, 12, 15, 18).

21.

Accordingly, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because all plaintiffs and all defendants are diverse in citizenship and the requisite amount in controversy exists as set forth above.

22.

The Parish of Jefferson, State of Louisiana, is within the territorial jurisdiction of this Honorable Court. 28 U.S.C. § 98(a).

23.

This petition for removal is timely under the provisions of 28 U.S.C. § 1446 because the defendants filed this notice of removal within thirty days of receipt of plaintiffs' petition and within one year of the commencement of the action. Plaintiff filed this action on May 23, 2011. This removal is filed on June 22, 2011.

24.

Plaintiffs are being provided with written notice of the filing of this notice of removal, and a copy of this notice of removal is being filed with the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

25.

Defendants demand a trial by jury.

**WHEREFORE,** defendants Vapir, Inc. d/b/a Advanced Inhalation Revolutions, Inc. and Global Life Enhancements, Inc. d/b/a VG Wholesale, hereby remove this action from the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana for further proceedings.

Respectfully submitted,

KEAN MILLER LLP

/s/Lisa A. Easterling
**MICHAEL R. PHILLIPS #21020 (TA)**
**LISA A. EASTERLING #21577**
909 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 585-3050
Fax: (504) 585-3051
Email: mike.phillips@keanmiller.com
       lisa.easterling@keanmiller.com

and

JAMES R. CHASTAIN, Jr. #19518
KEAN MILLER LLP
400 Convention Street, Suite 700
Baton Rouge, LA 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133
Email: sonny.chastain@keanmiller.com

**Counsel for Vapir, Inc. d/b/a Advanced Inhalation Revolutions, Inc. and Global Life Enhancements, Inc. d/b/a VG Wholesale**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on counsel for all parties via electronic mail, hand delivery, or by depositing same in the United States Mail first class postage prepaid this 22nd day of June, 2011.

/s/Lisa A. Easterling

2448395