DIV. M
JUDGE
HENRY G. SULLIVAN, JR.

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NUMBER: 701-902                                   DIVISION: " "

HURRICANE FENCE COMPANY, INC.
and
DHS MARKETING, INC.

VERSUS

VAPIR, INC.
and ADVANCED INHALATION REVOLUTIONS, INC.
and GLOBAL LIFE ENHANCEMENTS, INC. d/b/a VG WHOLESALE

FILED: _____          _____
                                            DEPUTY CLERK

PETITION FOR INJUNCTIVE RELIEF
OR, ALTERNATIVELY, FOR DAMAGES

The Petition of Hurricane Fence Company, Inc. and DHS Marketing, Inc., Louisiana corporations with their offices and places of domicile in the Parish of Jefferson, State of Louisiana, respectfully represent:

1.

Defendants are Vapir, Inc., Advanced Inhalation Revolutions, Inc., and Global Life Enhancements, Inc. d/b/a VG Wholesale, all foreign corporations doing business in the Parish of Jefferson, State of Louisiana; Defendant Vapir, Inc. has an office and does business at 2212 Ringwood Avenue, San Jose, California; Advanced Inhalation Revolutions, Inc. has an office and does business at 2212 Ringwood Avenue, San Jose, California; Global Life Enhancements, Inc. d/b/a VG Wholesale has an office and does business at 325 E Jimmie Leeds Road, Suite 7 Galloway, New Jersey, 08205

2.

Jurisdiction and venue are proper in this Honorable Court because plaintiffs have offices and do business in the Parish of Jefferson and are dealers and/or distributors and/or sellers of Defendants' products sold by Plaintiffs in or through the Parish of Jefferson; Defendants have profited from sales made by Plaintiffs in or through the Parish of Jefferson, State of Louisiana through Defendants' contacts with Plaintiffs and/or others in the Parish of Jefferson, State of Louisiana.

EXHIBIT A

3.

Defendants Vapir, Inc. and/or Advanced Inhalation Revolutions, Inc. are the manufacturers and sellers of vaporizers; Defendant Global Life Enhancements, Inc. d/b/a VG Wholesale is a distributor of Vapir, Inc. and Advanced Inhalation Revolutions, Inc. and a seller of vaporizers to Plaintiffs.

4.

Plaintiffs have been selling, without incident, vaporizers manufactured by Defendants Vapir, Inc. and/or Advanced Inhalation Revolutions, Inc. and sold by Defendant Global Life Enhancements, Inc. d/b/a VG Wholesale to Plaintiffs for a substantial period of time through ebay, Amazon and/or other internet outlets; said sales have been made through advertisements and/or listings by Plaintiffs on ebay and Amazon.

5.

Plaintiffs have always maintained a good relationship with the company, or companies, from whom they have purchased Defendants' vaporizers, including Defendant Global Life Enhancements, Inc. d/b/a VG Wholesale and remained in an overall good standing and complied with all requirements and procedures of said sellers and Defendants for the purchase and sale of the vaporizers sold and manufactured by Defendants and their distributors, including Global Life Enhancements, Inc. d/b/a VG Wholesale.

6.

Plaintiffs estimate that their profits from the sales of the products of Defendant averages several thousands of dollars per month over the period of any given year.

7.

On recent date, Defendants Vapir, Inc. and Advanced Inhalation Revolutions, Inc. unilaterally decided and unilaterally advised Plaintiffs' that Plaintiffs could no longer sell the vaporizers of these Defendants on ebay or otherwise, said sales of vaporizers constituting a substantial source of income for Plaintiffs relative to the sales of the products manufactured and sold by Defendants.

8.

Further Defendant has sent emails to the distributors with whom Plaintiffs are involved, including Global Life Enhancements, Inc. d/b/a VG Wholesale and from whom Plaintiffs

IMAGED MAY 23 2011

701902

purchase Defendants' vaporizers telling said distributors, including Global Life Enhancements, Inc. d/b/a VG Wholesale, not to sell the products manufactured by Vapir, Inc. and Advanced Inhalation Revolutions, Inc. to Plaintiffs. Defendant Global Life Enhancements, Inc. d/b/a VG Wholesale has not refused to sell vaporizers manufactured and sold by the other defendants to Plaintiffs upon instructions from the other defendants.

9.

Defendants Vapir, Inc. and Advanced Inhalation Revolutions, Inc. have also advised Plaintiffs' customers that these manufacturer Defendants will not honor the manufacturers' warranties on the vaporizers sold by Plaintiffs. As a result, numerous customers have contacted Plaintiffs who are upset and threatening to cancel prior sales or file complaints with ebay against Plaintiffs, all due to the improper and unlawful actions of Defendants.

10.

Defendants Vapir, Inc. and Advanced Inhalation Revolutions, Inc., have further advised that Plaintiffs are not authorized re-sellers of Defendants' vaporizers, when, in fact, the company, or companies, from whom Plaintiffs purchase Defendants' vaporizers, including Defendant Global Life Enhancements, Inc. d/b/a VG Wholesale, have authorized the re-sale of the vaporizers of the manufacturer Defendants.

11.

On recent date, Defendants, Vapir, Inc. and Advanced Inhalation Revolutions, Inc., have filed a complaint with ebay falsely contending that Plaintiffs are selling counterfeit vaporizers (vapor NO2's); said Defendants have also forwarded a copy of their complaint to ebay and/or the false accusations to Plaintiffs' customers, resulting in possible complaints to ebay by Plaintiffs customers, which complaints are baseless since Plaintiffs have always sold the actual vaporizers manufactured and sold by the manufacturer Defendants.

12.

Further, the filing of the false complaint by Defendants, Vapir, Inc. and Advanced Inhalation Revolutions, Inc., with ebay has caused ebay to remove Plaintiffs' listing of Defendants vaporizers, resulting in a loss of sales and revenue.

IMAGED MAY 23 2011                                    701902

13.

Defendants Vapir, Inc. and Advanced Inhalation Revolutions, Inc. have also filed a false complaint with ebay alleging copyright violations by Plaintiffs for using pictures of Defendants' vaporizers; in truth and fact, the pictures posted on ebay were pictures received from Defendants' own distributors.

14.

Plaintiff was and has been selling through the internet, including ebay and Amazon, for many years and the threats and demands of Defendants Vapir, Inc. and Advanced Inhalation Revolutions, Inc. may affect the sales of other goods and products sold by Plaintiffs on ebay and Amazon. Plaintiffs, upon information and belief, aver that other sellers are still selling the products of Defendant on ebay, even though Plaintiffs have been prohibited from doing so and Plaintiffs' accounts have been closed by the Defendants, including defendant Global Life Enhancements, Inc. d/b/a VG Wholesale, who is now refusing to sell the vaporizers of the manufacturer Defendants based on instructions of the manufacturer defendants, in violation of free trade and commerce laws and restricting competition in the open market.

15.

Plaintiffs respectfully aver that they will suffer irreparable harm if Plaintiffs are not allowed to sell the manufacturer Defendants' products on ebay and other internet sites and/or said Defendants take such actions which may affect Plaintiffs' other sales through ebay and/or Amazon because of the false counterfeit complaint and/or refuse to sell products to Plaintiffs and/or take such actions which will affect Plaintiffs' seller ratings with ebay and Amazon.

16.

Plaintiffs further respectfully aver that the refusal of Global Life Enhancements, Inc. d/b/a VG Wholesale to sell the manufacturer defendants' products to Plaintiffs while continuing sales of the vaporizers of the manufacturer defendants to other parties restricts competition and sales in the open market and free trade.

17.

Plaintiff further avers that the actions of all Defendants in refusing to allow Plaintiffs to sell the manufacturer defendants vaporizers on ebay or other internet sites is a breach of the free trade rights of Plaintiffs, restricts competition on the open market and is in violation of free commerce.

IMAGED MAY 2 3 2011

701902

18.

Plaintifsfs respectfully requests that Defendants be ordered to show cause on a date and at a time why a preliminary injunction should not issue enjoining and prohibiting Defendants from refusing to allow Plaintiffs to sell Defendants' products and from taking any actions whatsoever which may affect Plaintiffs' accounts and/or ratings with ebay and Amazon or otherwise.

19.

In the alternative, Plaintiffs respectfully aver that, in the event that injunctive relief is not granted, then Plaintiffs aver that they will suffer a substantial loss of sales and revenue if they are not allowed to sell Defendants' products on ebay or otherwise, all in violation of a free open market, open competition and restriction of free commerce. Accordingly, in the alternative, Plaintiffs request that they be granted damages in an amount to be deemed just and reasonable in the premises for the loss of sales and income and other damages to be demonstrated at the trial hereof.

20.

Plaintiffs further show that the manufacturer Defendants have instituted certain minimal advertising pricing requirements (referred to as MAP – minimum advertised prices) which require its dealers/distributors and/or sellers of its vaporizers to advertise Defendants' vaporizers only at a specific price, restricting competition in the free market place. These minimal advertising pricing requirements prohibit Plaintiffs from advertising Defendants' vaporizers at a reduced or lesser price, thus depriving Plaintiffs of the opportunity to compete in the open market against other sellers of the same or similar products by prohibiting Plaintiffs from advertising at a lower price to compete in the open market.

21.

Plaintiffs respectfully aver that the minimal advertised pricing requirements are an unreasonable restraint of trade within the meaning of the laws of the United States and/or the State of Louisiana and/or amount to price-fixing, contrary to applicable law.

22.

Plaintiffs respectfully request that Defendants be ordered to show cause on a date and at a time why a preliminary injunction should not issue enjoining and prohibiting all of the

IMAGED MAY 23 2011

701902

Defendants from the use of any minimal advertised pricing requirements as an unreasonable restraint of trade and price fixing.

WHEREFORE, Plaintiffs pray that Defendants be cited to appear and answer this Petition and that Defendants be further ordered to appear and show cause why preliminary injunctions should not issue against Defendants for the relief sought herein above and for all court costs, attorney fees, and for all such other just and equitable relief to which Plaintiffs may be entitled pursuant to the free trade and commerce laws of the State of Louisiana and the United States of America.

In the alternative, Plaintiffs pray that Defendants be duly cited to appear and answer this Petition and that, after all due proceedings had, there be judgment herein in favor of Plaintiffs and against Defendants for damages in an amount to be deemed just and reasonable in the premises for the loss of sales and income and other damages to be demonstrated at the trial hereof, and for all court costs, attorney fees, and for all such other just and equitable relief to which Plaintiffs may be entitled pursuant to the laws of the State of Louisiana and the United States of America.

RESPECTFULLY SUBMITTED:

_____
MICHAEL A. BRITT    LSBA #3489
3701 Williams Blvd., Suite 255
Kenner, LA 70065
(504) 441-8660    Telephone
(504) 443-2774    Facsimile
Attorney for Hurricane Fence Company, Inc.
    And DHS Marketing, Inc.

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NUMBER: 701-902                                    DIVISION: "    "

HURRICANE FENCE COMPANY, INC.
and
DHS MARKETING, INC.

VERSUS

VAPIR, INC.
and ADVANCED INHALATION REVOLUTIONS, INC.
and GLOBAL LIFE ENHANCEMENTS, INC. d/b/a VG WHOLESALE

FILED: _____                             _____
                                                    DEPUTY CLERK

## ORDER

Considering the foregoing requests for injunctive relief by Plaintiffs, IT IS HEREBY ORDERED THAT Defendants, Vapir, Inc. and Advanced Inhalation Revolutions, Inc., show cause on the 19th day of July, 2011 at 9:00 A.M. why preliminary injunctions should not against Defendants for the relief sought in the Petition of Plaintiffs filed herein and for all court costs, attorney fees, and for all such other just and equitable relief to which Plaintiffs may be entitled pursuant to the laws of the State of Louisiana and the United States of America.

Gretna
Metairie, Louisiana, this 24th day of May, 2011.

_____
JUDGE

CODED

PLEASE SERVE:

Vapir, Inc.                                Advance Inhalation Revolutions, Inc.
2212 Ringwood Avenue                       2212 Ringwood Avenue
San Jose, CA 95131                         San Jose, CA 95131
through the Louisiana Long Arm Statute     Through the Louisiana Long Arm Statute

Global Life Enhancement, Inc. d/b/a VG Wholesale
325E Jimmie Leeds Road, Suite 7
Galloway, NJ 08205
By Louisiana Long Arm Statute

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT

IMAGED MAY 23 2011

IMAGED MAY 27 2011

701902

## VERIFICATION

STATE OF LOUISIANA

PARISH OF JEFFERSON

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified in and for the Parish of Jefferson, State of Louisiana, personally came and appeared:

DAVID H. SCHEUERMANN, JR.

who, after being duly sworn, did depose and say that he is the Vice-President of Hurricane Fence Company, Inc. and the President of DHS Marketing, Inc. and that he is well and truly familiar with the business relationships between Hurricane Fence Company, Inc. and DHS Marketing, Inc. with Vapir, Inc. and Advanced Inhalation Revolutions, Inc. and defendant Global Life Enhancements, Inc. d/b/a VG Wholesale,; affiant did further depose and say that the allegations of fact contained in the foregoing Petition and the requests for relief stated therein are true and correct to the best of his knowledge, information and belief.

_____
DAVID H. SCHEUERMANN, JR.

SWORN TO AND SUBSCRIBED BEFORE ME, NOTARY PUBLIC, THIS 16th DAY OF MAY, 2011.

_____ #3489
NOTARY PUBLIC
Michael A. Britt

PLEASE SERVE:

Vapir, Inc.
2212 Ringwood Avenue
San Jose, CA 95131
By Louisiana Long Arm Statute

Advanced Inhalation Revolutions, Inc.
2212 Ringwood Avenue
San Jose, CA 95131
By Louisiana Long Arm Statute

Global Life Enhancements, Inc. d/b/a VG Wholesale
325E Jimmie Leeds Road, Suite 7
Galloway, NJ 08205
by Louisiana Long Arm Statute

701902

IMAGED MAY 23 2011



# MICHAEL A. BRITT
ATTORNEY-AT-LAW

E-Mail: mab3489@aol.com
NOTARY PUBLIC

3701 Williams Boulevard
Suite 255
Kenner, Louisiana 70065

Telephone: (504) 441-8660
Facsimile: (504) 443-2774

May 19, 2011

Clerk of Court
24th Judicial District Court
Parish of Jefferson
200 Derbigny Street
Gretna, LA 70053

RE: Hurricane Fence Company, Inc. et al
Versus Vapir, Inc. et al.
New Petition

Dear Sir:

    Enclosed herewith please find the original and three copies of Petition which I request be filed in the records of your office and presented to the Court for the setting of a hearing date.

    After a hearing date has been set by the Court, please provide me with three certified copies of the Petition and citations for service through the Louisiana Long Arm Statute. I enclose a stamped, self-addressed envelope for the return of the copies and citations.

    I also enclose a check for the sum of $ 515.00 for the costs of filing in this matter.

    Thank you for your assistance herein.

Respectfully yours,

Michael A. Britt

(105) Citation With Rule To Show Cause: ISS PETITION FOR INJUNCTIVE RELIEF OR, ALTERNATIVELY, FOR DAMAGES; VERIFICATION

110525-8173-0

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

HURRICANE FENCE COMPANY, INC. AND DHS MARKETING, INC.
versus
VAPIR, INC. AND ADVANCE INHALATION REVOLUTIONS, INC. AND GLOBAL LIFE ENHANCEMENTS, INC. D/B/A VG WHOLESALE

Case: 701-902    Div: "M"
P 1  HURRICANE FENCE COMPANY INC

To: VAPIR INC
2212 RINGWOOD AVENUE
SAN JOSE CA 95131

LA Long Arm

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within THIRTY (30) CALENDAR days after the service hereof, under penalty of default.

You are further ordered to show cause on the 19th day of July, 2011 at 9:00 AM (as per attached order).

This service was requested by attorney MICHAEL A. BRITT and was issued by the Clerk Of Court on the 25th day of May, 2011.

Marilyn Guidry, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

---

### SERVICE INFORMATION

(105) Citation With Rule To Show Cause: ISS PETITION FOR INJUNCTIVE RELIEF OR, ALTERNATIVELY, FOR DAMAGES; VERIFICATION

110525-8173-0

Received: _____  Served: _____  Returned: _____

Service was made:
___ Personal  ___ Domiciliary _____

Unable to serve:
___ Not at this address    ___ Numerous attempts ____ times
___ Vacant                 ___ Received too late to serve
___ Moved                  ___ No longer works at this address
___ No such address        ___ Need apartment / building number
___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by: _____
Deputy Sheriff
Parish of: _____

(105) Citation With Rule To Show Cause: ISS PETITION FOR INJUNCTIVE     110525-8174-8
RELIEF OR, ALTERNATIVELY, FOR DAMAGES; VERIFICATION

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

HURRICANE FENCE COMPANY, INC. AND DHS
MARKETING, INC.
    versus                                              Case: 701-902    Div: "M"
VAPIR, INC. AND ADVANCE INHALATION REVOLUTIONS,       P 1  HURRICANE FENCE
INC. AND GLOBAL LIFE ENHANCEMENTS, INC. D/B/A VG      COMPANY INC
WHOLESALE

To:  GLOBAL LIFE ENHANCEMENTS INC
D/B/A VG WHOLESALE
325E JIMMIE LEEDS ROAD                                LA-Long Arm
STE 7
GALLOWAY NJ 08205

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within THIRTY (30) CALENDAR days after the service hereof, under penalty of default.

You are further ordered to show cause on the 19th day of July, 2011 at 9:00 AM (as per attached order).

This service was requested by attorney MICHAEL A. BRITT and was issued by the Clerk Of Court on the 25th day of May, 2011.

                                            Marilyn Guidry, Deputy Clerk of Court for
                                            Jon A. Gegenheimer, Clerk Of Court

_____SERVICE INFORMATION_____

(105) Citation With Rule To Show Cause: ISS PETITION FOR INJUNCTIVE     110525-8174-8
RELIEF OR, ALTERNATIVELY, FOR DAMAGES; VERIFICATION

Received:_____     Served:_____     Returned:_____

Service was made:
   ____ Personal     ____ Domiciliary _____

Unable to serve:
   ____ Not at this address     ____ Numerous attempts ____ times
   ____ Vacant                 ____ Received too late to serve
   ____ Moved                  ____ No longer works at this address
   ____ No such address        ____ Need apartment / building number
   ____ Other _____

Service: $_____     Mileage: $_____     Total: $_____

Completed by:_____     #_____
                    Deputy Sheriff
Parish of: _____

(105) Citation With Rule To Show Cause: ISS PETITION FOR INJUNCTIVE RELIEF OR, ALTERNATIVELY, FOR DAMAGES; VERIFICATION       110525-8175-5

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

HURRICANE FENCE COMPANY, INC. AND DHS MARKETING, INC.
versus
VAPIR, INC. AND ADVANCE INHALATION REVOLUTIONS, INC. AND GLOBAL LIFE ENHANCEMENTS, INC. D/B/A VG WHOLESALE

Case: 701-902   Div: "M"
P 1  HURRICANE FENCE COMPANY INC

To: ADVANCED INHALATION REVOLUTIONS INC
2212 RINGWOOD AVE
SAN JOSE CA 95131

LA Long Arm

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within THIRTY (30) CALENDAR days after the service hereof, under penalty of default.

You are further ordered to show cause on the 18th day of July, 2011 at 9:00 AM (as per attached order).

This service was requested by attorney MICHAEL A. BRITT and was issued by the Clerk Of Court on the 25th day of May, 2011.

_____
Marilyn Guidry, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

### SERVICE INFORMATION

(105) Citation With Rule To Show Cause: ISS PETITION FOR INJUNCTIVE RELIEF OR, ALTERNATIVELY, FOR DAMAGES; VERIFICATION       110525-8175-5

Received: _____   Served: _____   Returned: _____

Service was made:
____ Personal     ____ Domiciliary _____

Unable to serve:
____ Not at this address          ____ Numerous attempts _____ times
____ Vacant                       ____ Received too late to serve
____ Moved                        ____ No longer works at this address
____ No such address              ____ Need apartment / building number
____ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by: _____
                    Deputy Sheriff
Parish of: _____

(360) Notification of Date Set

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

HURRICANE FENCE COMPANY, INC. AND DHS
MARKETING, INC.
   versus
VAPIR, INC. AND ADVANCE INHALATION REVOLUTIONS,
INC. AND GLOBAL LIFE ENHANCEMENTS, INC. D/B/A VG
WHOLESALE

Case: 701-902   Div: "M"
P 1 HURRICANE FENCE
COMPANY INC

MICHAEL A. BRITT
STE 255
3701 WILLIAMS BLVD
KENNER LA 70065

This is to inform you that the ISS PETITION FOR INJUNCTIVE RELIEF OR, ALTERNATIVELY, FOR DAMAGES; VERIFICATION which you filed on 05/23/2011 in the above captioned matter, has been fixed for hearing/trial on the 19th day of July, 2011 at 9:00 AM.
Issued by the Clerk Of Court on the 25th day of May, 2011.

Marilyn Guidry, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court